**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.**

ERIC LEMOINE, an individual
Resident of Florida, and TTC PERFORMANCE
PRODUCTS, INC., d/b/a BLACK ACES
TACTICAL, a corporation registered under the
Laws of Florida,

       Plaintiffs,

v.

MOSSBERG CORPORATION, a Delaware
Corporation, and O.F. MOSSBERG & SONS,
INC., a corporation residing in Connecticut,

       Defendants.

_____/

## VERIFIED COMPLAINT FOR PATENT INFRINGEMENT: INJUNCTIVE RELIEF SOUGHT

       Plaintiffs, ERIC LEMOINE AND BLACK ACES TACTICAL (collectively, "Black Aces"), by and through undersigned counsel, sues Defendants O. F. MOSBERG CORPORATION, and O.F. MOSSBERG & SONS, INC., (collectively, "MOSSBERG'), for acts of patent infringement, and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement in connection with MOSSBERG's making, importing, offering for sale and selling shotguns that contain and comprise patented proprietary technology covered by a United States Patent duly owned and/or exclusively licensed and used by Lemoine and Black Aces.  MOSSBERG then used the patented technology to manufacture firearms and shotguns that comprise Plaintiff's shotgun magazine receiver assembly, and these firearms and shotguns have been widely advertised online, sold, offered for sale, and/or

1

displayed and offered through important and relevant weapon industry trade shows throughout the United States and through a vast dealer network. MOSSBERG's infringing conduct has damaged Black Aces and inflicted irreparable harm.

2.      Black Aces seeks, *inter alia*, disgorgement of MOSSBERG's profits from the sale of Infringing products, and injunctive relief.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over the claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) in that said claims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq."

4.      This Court has *in personam* jurisdiction over MOSSBERG pursuant to FLA. STAT. § 48.193, in that: (a) MOSSBERG is residing, operating, conducting, engaging or carrying on a business, in the State of Florida; (b) MOSSBERG has committed tortious acts within the State of Florida; and (c) MOSSBERG is engaged in substantial and not isolated activity within the State of Florida.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because MOSSBERG has conducted acts in this District, and substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

6.      Eric Lemoine is a resident of Florida and owns Black Aces.  Black Aces is a corporation organized and existing under the laws of Florida, and has operated in, and sold goods in the United States, and specifically, in the Southern District of Florida, and does so under exclusive permission from Lemoine.

2

7.      Upon information and belief, MOSSBERG CORPORATION is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 7 Grasso Avenue, North Haven, CT, and has orchestrated all of the acts complained of.

8.      Upon information and belief, O. F. MOSSBERG & SONS, INC., resides in Connecticut, and has the same residence and location as Defendants MOSSBERG CORPORATION, and actively controls the activities and the acts complained of.

## BLACK ACES' BUSINESS

9.      Well prior to the acts complained of, Black Aces has been involved in the business of manufacturing high quality firearm components and shotguns, comprising patented and cutting edge technology,  that are sold in a variety of markets.

10.      Black Aces firearm components are uniquely designed and have been enormously successful in the market, and have met substantial success in the relevant market, and channels of trade.

11.      Black Aces products are sold throughout the United States and are sold to businesses and directly to the public through "business-to business" dealer channels and through retail channels respectively.

12.      As a result of the originality and high quality of its products, Black Aces has developed a reputation for excellence and innovation which has generated several million dollars in sales, and many loyal customers.

## BLACK ACES' PATENT

13.      On June 24, 2014, U.S. Patent No. 8,756,846 (the "'846 Patent"), for a shotgun magazine receiver assembly, was issued by the United States Patent and Trademark Office, that includes a receiver body having a trigger assembly opening, a removable magazine opening, a shotgun

barrel opening, a shell ramp, and a bolt and slide. A true and correct copy of the '846 Patent is attached as Composite Exhibit "A" hereto.

14.    Lemoine is the owner of the '846 Patent and Black Aces has the exclusive right to use, make, sell and offer for sale shotguns with the patented technology.

15.    The '846 Patent is in full force and effect as of the date of this Verified Complaint and all times relevant to the allegations herein.

16.    At all times relevant, Black Aces began manufacturing and selling a line of shotguns and shotgun magazine receivers embodying the technology covered by the '846 Patent. These products are made in America, use American materials, and made by American craftsman.

17.    Black Aces' shotguns and shotgun magazine receivers embody the technology claimed in the '846, have been a market success, and are marked with Plaintiffs' '846 Patent number in accordance with the requisite statutes.

## MOSSBERG'S ACTS OF INFRINGEMENT

18.    On February 27, 2018, Black Aces purchased a Mossberg Model 590M model shotgun.

19.    The purchased shotgun contains an infringing shotgun magazine receiver assembly.

20.    The parties have a history of negotiations and discussions regarding the licensed use of Black Aces' patented technology, which includes the following communications and meetings:

    A.    In February 2013, Tom Taylor and John MacLellan, both known to be agents of, representatives of, and employees of MOSSBERG, entered Black Aces' booth at the Acusport business conference, in Fort Worth Texas, where Black Aces was displaying its patent-pending receiver line. Tom Taylor specifically inquired about the patent status. Mr. Taylor was told that the receiver is patent pending. They exchanged business cards, and had agreed to speak further in the future. Attached as **Exhibit B** is an email trail confirming the meeting at the Acusport show.

    B.    In September 2013, Tom Taylor and Lemoine have a telephone conference. Tom Taylor requests a sample receiver and sample weapon. Tom Taylor stated that Black Aces should prepare pricing in manufacturing capabilities. Black Aces becomes further aware MOSSBERG is interested the patented technology. Subsequent to this meeting, Lemoine shipped several of the patent pending receivers, magazines and a complete shotgun to Mossberg

for their evaluation and documented the shipment in Black Aces' official ATF acquisition and disposition book.

     C.    After receiving the evaluational units, in October 2013, Lemoine meets with Tom Taylor at NASGW, in Dallas Texas. Black Aces was informed that it will be authorized to order parts from MOSSBERG, and MOSSBERG will monitor the quantity of parts to gauge popularity in the weapon platform. MOSSBERG is considering an OEM deal.

     D.    In February 2014, Black Aces makes its first bulk order with OF MOSSBERG & SONS, INC, and in September 2014, Black Aces receives its first order from MOSSBERG, and throughout the remainder of 2014 Lemoine demonstrates there is significant market interest in a shotgun having Mossberg components and the now patented magazine receiver.

     E.    In August 2015,  John MacLellan, Vice President of Sales and Marketing, directs MOSSBERG's Director of Sales, Bill Brown, to meet with Black Aces at NASGW for October 2015, and the parties agree on an appointment time and date.  At that meeting, Bill Brown stated that he was instructed to follow up, and that there would be an opportunity on a mass-market civilian level for Black Aces.  (**Exhibit C**).

     G.    In September 2015, Bill Brown requested that a DT model be delivered to MOSSBERG.   A DT model is short barrel 12 gauge model shotgun that uses the Black Aces Tactical patented receiver.  It is around this time that Mr. Tim Blazek purchases from Black Aces several of the patented shotgun magazine receivers. The purchase was curious given that the shipping address was the address for OF MOSSBERG & SONS.  Tim Blazek is Chief of Engineering at Mossberg.  (**Exhibit D and E**).

     H.    In October 2015, Bill Brown and Black Aces have their scheduled meeting. None of what Black Aces were being led to believe about mass civilian markets was discussed. Instead MOSSBERG, through Bill Brown, stated that MOSSBERG was not intending to be competition with Black Aces. Towards the end of the meeting, Lemoine handed a shotgun containing the patented magazine receiver to Bill Brown and requested that they negotiate a licensing agreement for the patented receiver. Bill Brown stated that MOSSBERG would consider it if they were not so involved with another project, "though the project is nothing like yours."

     I.    In February 2018, after MOSSBERG released the 590M, Black Aces attended a trade show alongside MOSSBERG, who were displaying the 590M.  Lemoine confronted Bill Brown and told him they needed to have a sit-down about the 590M, as it contained the infringing technology.  Bill Brown agreed that the parties would be better off working together, and that he would set up a meeting after his return to Connecticut.  No such meeting has been scheduled.

21.    Black Aces received no further communications from MOSSBERG in connection

with the- patented shotgun magazine receivers provided to MOSSBERG, and it was later

discovered that MOSSBERG actually used these products from Black Aces to make and design

an infringing competitive shotgun with a shotgun magazine receiver that embodies and incorporates the patented technology of the '846 Patent.

22.     MOSSBERG are making, offering for sale, selling, displaying, and promoting an infringing and competing product, and are showing the infringing product, offering it for sale, and are actually selling an infringing product through its own channels of trade, including through its dealer network.

23.     MOSSBERG have continued to make, have made, sell, and/or offer for sale, shotguns that embody Black Aces' patented technology, despite having actual knowledge of the claims of infringement.

24.     MOSSBERG sells shotguns that infringe Black Aces' '846 Patent, and are doing so with actual knowledge of Black Aces rights in the patented technology.

25.     MOSSBERG have offered for sale and/or sold the infringing shotguns, or parts, throughout the United States, including within this District.

26.     At all times, MOSSBERG have orchestrated all of the acts complained of and has participated in acts of infringement with full knowledge of Black Aces' patent rights.

27.     On information and belief, MOSSBERG have sold, offered for sale, made, or have had made infringing shotguns throughout the United States with actual knowledge that they comprise technology embodied in the '846 Patent.

28.     MOSSBERG's shotguns contain in many respects virtually identical copies of Black Aces' patented technology, and are doing so to gain an unfair advantage in the market by making and selling a competing product under the MOSSBERG trademarks.

29.     Clearly, MOSSBERG's acts, and their products, support allegations of patent infringement, and such acts are willful.

## COUNT I - INFRINGEMENT OF THE '846 PATENT

30.     Black Aces re-alleges and incorporates hereto by reference paragraphs 1-29 of this Verified Complaint as though fully set forth herein.

31.      MOSSBERG have infringed and continue to infringe the '846 Patent.  MOSSBERG have made, sold and offered for sale shotguns that are virtually identical to the design claimed in the '846 Patent, and will continue to do so unless enjoined by this Court.

32.     In addition, and through its dealer network have induced infringement of the '846 Patent by others and has committed acts of contributory infringement of the '846 Patent.

33.     MOSSBERG's infringement of the '846 Patent has been willful and malicious and with actual or constructive knowledge that Black Aces is the owner of a patent claiming the infringed technology.

34.     Black Aces have sustained damages as a result of the infringing acts of Defendants.

35.     Plaintiffs have suffered and will continue to suffer irreparable harm unless infringement of the '846 Patent is enjoined.

        **WHEREFORE**, Plaintiffs, ERIC LEMOINE and BLACK ACES TACTICAL pray that the Court:

A.      Enter a judgment that MOSSBERG have infringed, induced infringement and contributed to the infringement of U.S. Patent No. 8,756,846

B.      Order MOSSBERG to pay damages under 35 U.S.C. §285 and §289 to adequately compensate Plaintiffs for their acts of patent infringement, including an award of MOSSBERG's profits from its infringement of U.S. Patent No. 8,756,846 together with pre- and post-judgment interest;

C.      Find that MOSSBERG's patent infringement was willful and malicious and award treble damages to Plaintiffs under 35 U.S.C. 284;

D.      Find this to be an exceptional case of patent infringement and award reasonable attorneys' fees to Plaintiffs under 35 U.S.C. §285;

E.      Award such other and further relief as the Court deems just and equitable

<u>**VERIFICATION**</u>

I have read the factual allegations contained in the foregoing Complaint and I declare under penalty of perjury under the law of the United States of America that these factual allegations are true and correct, and for those allegations that are based upon information and belief, I believe those to be true and correct.

Dated:  April 15, 2018                                      By:<u>/s/Eric Lemoine</u>
                                                                           Eric Lemoine
                                                                           (original signature held in trust)


Dated: April 15, 2018                                      Respectfully submitted,

                                                                           By:<u>/s/ Louis R. Gigliotti/</u>
                                                                           Louis R. Gigliotti, Esq.
                                                                           Louis R. Gigliotti, PA
                                                                           Florida Bar No.: 71935
                                                                           1605 Dewey Street
                                                                           Hollywood, FL 33020
                                                                           Ph: (954) 471 4392
                                                                           lgigliotti@bellsouth.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed ECF and served via electronic mail on this 15th day of April, 2018.

By:   /s/Louis R. Gigliotti
Louis R. Gigliotti, Esq.