UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC LEMOINE and TTC PERFORMANCE PRODUCTS, INC., *d/b/a* BLACK ACES TACTICAL, *Plaintiffs*, | ) ) ) ) ) | 3:18-CV-01270 (KAD) |
| v. | ) ) | |
| MOSSBERG CORP. and O.F. MOSSBERG & SONS, INC., *Defendants*. | ) ) ) | JUNE 18, 2020 |

**ORDER**
**RE: MOTION TO QUASH (ECF NO. 105)**

Kari A. Dooley, United States District Judge

The Plaintiffs served a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on Maverick Arms LLC, a wholly owned subsidiary of defendant Mossberg Corporation ("Mossberg"). Pending before the Court is Mossberg's motion to quash that subpoena, to which the Plaintiffs have objected. The Court has reviewed the parties' written submissions and has considered the arguments made to the Court at the hearing on December 13, 2019. Mossberg's motion to quash (ECF No. 105) is GRANTED.

"[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34. If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Burns v. Bank of Am.*, No. 03-cv-01685 (RMB) (JCF), 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (alterations omitted; citation omitted; internal quotation marks omitted). In addition, pursuant to Rule 26, "courts are required to limit discovery if, inter alia, it 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, No. 10-cv-00035 (HKS),

2013 WL 5652759, at *3 (W.D.N.Y. Oct. 15, 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)). For these reasons, courts have consistently granted motions to quash where the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery. *E.g.*, *Burns*, 2007 WL 1589437, at *14 (granting motion to quash where subpoena was duplicative of discovery requests served on defendant); *Zoological Soc. of Buffalo, Inc.*, 2013 WL 5652759, at *3 (concluding subpoena was unduly burdensome where documents at issue "could easily have been requested of [the plaintiff] during the normal course of discovery").

Here, not only can the records in question be obtained from defendant Mossberg, as the parent of Maverick Arms LLC, the Plaintiffs conceded at oral argument that the records they seek through the subpoena were, in fact, sought from the Defendants through the normal course of discovery. However, the Plaintiffs assert that they were not satisfied with the responses received, and so issued the Rule 45 subpoena to Maverick Arms LLC. A Rule 45 subpoena is not an alternative to the meet and confer requirements of Rule 37 and the appropriate procedures for bringing discovery disputes to the Court for resolution. If the Plaintiffs believed that the Defendants responses to its discovery requests were deficient in any regard, then the appropriate course would have been to file a motion to compel, not to serve a subpoena on Mossberg's wholly owned subsidiary. Accordingly, the motion to quash is granted.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of June 2020.

                                           */s/ Kari A. Dooley*
                                           KARI A. DOOLEY
                                           UNITED STATES DISTRICT JUDGE